Harry COPLEN *v.* STATE of Arkansas

CR 88-126 766 S.W.2d 612

Supreme Court of Arkansas
Opinion delivered March 20, 1989
[Rehearing denied May 1, 1989.]

*Gean, Gean & Gean*, by: *Lawrence W. Fitting*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The trial court denied the appellant's petition for a writ of habeas corpus and other post-conviction relief. We affirm.

Harry Coplen was convicted of two counts of battery involving the young children of his girlfriend. He originally advised his attorney to appeal his conviction, but he changed his mind. After the time for filing the record had passed, he changed his mind again and decided to appeal. He filed a motion for rule on clerk and two motions for a belated appeal, which we denied.

Coplen now attempts, by use of a postconviction relief petition, to obtain a review of an alleged evidentiary error that occurred at trial, as well as a review of our denial of his belated appeal requests. At the time Coplen filed his petition with the trial court, he was not in custody.

 The trial court ruled that the petition stated no grounds for either habeas corpus relief or A.R.Cr.P. Rule 37 relief, and we agree. First of all, Coplen is not entitled to a writ of habeas corpus because his petition did not state that his commitment was invalid on its face or that the convicting court was without jurisdiction. *George* v. *State*, 285 Ark. 84, 685 S.W.2d 141 (1985). Second, Rule 37 is not meant to be a substitute for direct appeal and is not designed for review of a mere error that occurred at trial. *Neff* v. *State*, 287 Ark. 88, 696 S.W.2d 736 (1985); *Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980).

We have reviewed Coplen's request for a belated appeal three times. He claimed he was under a great deal of stress and was not thinking clearly when he decided not to pursue his appeal.[1] He cites no convincing authority for his claim that we have denied him due process of law by refusing to docket his appeal.

 We also note that Coplen was not in custody when his petition was filed, a prerequisite for Rule 37 relief. A.R.Cr.P. Rule 37.1; *Malone* v. *State*, 294 Ark. 376, 742 S.W.2d 945 (1988).

Affirmed.

Purtle, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I concede that the majority is technically correct on the "in custody" provision of A.R.Cr.P. Rule 37. However, I cannot agree that the appellant should be foreclosed from pursuing any relief under Rule 37. It is truly a technicality to require a convicted person to be behind bars before he may pursue post-conviction relief. After all, he stands convicted in the circuit court. He may have already been sent to the Department of Correction, in which case he has current "standing" to bring this petition. In my opinion Rule 37 should be available to any person convicted by a circuit court, provided no direct appeal is pending.

---

[1] Coplen's attorney has not taken responsibility for the late filing of the record. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979).