STATE OF NEBRASKA, APPELLEE, V.
RICK A. PERRY, APPELLANT.
681 N.W.2d 729

Filed June 18, 2004.   No. S-03-174.

Gregory C. Damman for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## I. NATURE OF CASE

In 1994, Rick A. Perry was convicted of two counts of sexual assault of a child and one count of first degree sexual assault on a child. Perry appeals from the district court's denial of his motion for postconviction relief.

## II. SCOPE OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004).

## III. FACTS

In an amended information filed October 18, 1993, Perry was charged with two counts of sexual assault of a child and one count of first degree sexual assault on a child. On February 17, 1994, a Thayer County District Court jury found Perry guilty on all three counts.

On April 5, 1994, Perry was sentenced to a term of imprisonment of from 1 year to 366 days on count I, sexual assault of a child, and given credit for 148 days served. On count II, first degree sexual assault on a child, Perry was sentenced to 40 to 42 years' imprisonment. On count III, sexual assault of a child, Perry was sentenced to a term of imprisonment of from 1 year to 366 days. The sentences were to be served consecutively.

Following sentencing, Perry's counsel began the process for filing an appeal. In a letter to Perry dated April 27, 1994, counsel requested that Perry sign an enclosed poverty affidavit, have the affidavit notarized, and return it to counsel as quickly as possible. In a letter dated April 29, 1994, Perry was reminded to return the poverty affidavit. Perry signed the poverty affidavit and had it notarized on May 3, but it was not received by counsel until May 6. The Nebraska Court of Appeals subsequently dismissed Perry's appeal for lack of jurisdiction because the poverty affidavit was not timely filed. See *State v. Perry*, 3 Neb. App. xxiii (No. A-94-457, Aug. 8, 1994).

On August 17, 1994, Perry filed a motion for review of his sentence. On July 1, 1996, the trial court, upon its own motion, denied Perry's motion but ordered the clerk of the district court to issue an amended commitment with regard to Perry's conviction for first degree sexual assault on a child. Perry's sentence was amended to from 40 to 42 years' imprisonment to 200 months' to 42 years' imprisonment. There is no record that Perry appealed from this order to amend the commitment.

On August 24, 2001, Perry filed an amended motion for postconviction relief, seeking to have his convictions and sentences vacated. In this motion, Perry alleged that the amendment of his sentence on July 1, 1996, violated his due process right to be present and be given an opportunity for allocution. Perry also made the following claims regarding ineffective assistance of counsel: Counsel did not minimally prepare for trial, did not

subpoena witnesses he knew would be helpful to Perry's case, did not cross-examine witnesses called by the State, did not correct errors in the presentence investigation, failed to properly file a direct appeal, failed to elicit testimony from witnesses that would have disclosed they were biased toward Perry, failed to elicit testimony that would have disclosed that witnesses were under the influence of alcohol during events about which they testified, failed to investigate facts surrounding the issuance of a search warrant for Perry's business and residence, failed to file a motion to suppress evidence seized as a result of the unlawfully issued search warrant, and failed to present evidence in support of a motion to sever the counts. Perry further alleged that the trial court erred in telling the jury that the jurors were " 'free to tell [their] spouses and maybe [their] friends what ha[d] gone on' " during the 2 days of trial.

During an evidentiary hearing on Perry's motion for postconviction relief, the district court received exhibits and evidence in the form of testimony from four witnesses and took judicial notice of certain documents. In a journal entry filed on February 4, 2003, the district court found generally for the State and against Perry. The court specifically found that Perry's trial counsel was not negligent and that Perry was responsible for not providing the poverty affidavit needed to perfect his direct appeal. The court overruled Perry's motion for postconviction relief, and Perry timely appealed from this order.

## IV. ASSIGNMENTS OF ERROR

Perry assigns the following restated errors regarding the order of the district court: (1) the court's overruling of his claims for ineffective assistance of counsel, (2) the court's overruling of his claim that the jury was improperly instructed during a break in the trial, and (3) the court's overruling of his claim that his constitutional rights were violated when he was "re-sentenced" without the opportunity to be present or to make allocution.

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Perry argues that he was denied effective assistance of counsel in three respects: counsel's failure to perfect the direct

appeal, counsel's failure to attempt to sever the counts at trial, and counsel's failure to file a motion to suppress certain evidence prior to trial.

### (a) Failure to Perfect Appeal

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.*

At the evidentiary hearing, conflicting evidence was presented with regard to whether counsel or Perry was to blame for the failure to file a poverty affidavit by the May 5, 1994, deadline for perfecting Perry's direct appeal. The result of this failure was that Perry's appeal was dismissed by the Court of Appeals. See *State v. Perry*, 3 Neb. App. xxiii (No. A-94-457, Aug. 8, 1994).

The district court found that Perry's counsel was not negligent on or about April 28 through May 6, 1994, and that Perry was responsible for not providing the poverty affidavit needed to perfect his direct appeal.

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004). In order to obtain a new direct appeal as postconviction relief, the defendant must show, by a preponderance of the evidence, that the defendant was denied his or her right to appeal due to the negligence or incompetence of counsel, and through no fault of his or her own. *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002); *State v. Hess, supra*. Thus, it was Perry's burden to show that he was denied his right to appeal due to the negligence or incompetence of counsel and through no fault of Perry's own.

We conclude that the district court was not clearly erroneous in finding that counsel was not negligent and that Perry was responsible for not providing the poverty affidavit required to perfect his appeal. Perry has failed to prove that his counsel's performance

was deficient, and his claim of ineffective assistance of counsel in failing to perfect his direct appeal is without merit.

### (b) Failure to Attempt to Sever Counts

We first note Perry's admission that he had no constitutional right to separate trials on the offenses charged in the information. See *State v. Freeman*, 253 Neb. 385, 571 N.W.2d 276 (1997). A trial court's ruling on a motion for consolidation of prosecutions properly joinable will not be disturbed on appeal absent an abuse of discretion. *Id.*

The question for our determination is whether Perry's counsel was ineffective when he failed to obtain separate trials as to the charges against Perry. Perry contends that if counsel had called witnesses and presented documentary evidence, he would have established that Perry was prejudiced by joining the three counts alleged in the information in a single trial. Perry also contends that because the dates of the offenses were different and the activities involved in the offenses were significantly different, he was prejudiced by the joinder of all three counts. He implies that trial counsel was ineffective by failing to present any evidence to support the motion to sever. We find this assignment of error to be without merit.

At the evidentiary hearing on his postconviction motion, Perry offered a number of exhibits, including the deposition of his trial counsel, the bill of exceptions from his trial, and the trial court's file concerning the trial. At this hearing, Perry was given an opportunity to present the evidence that he claims his trial counsel should have presented. However, the evidence offered at this hearing failed to establish that Perry's counsel was deficient in his handling of the severance issue, and this assignment of error is without merit.

### (c) Failure to File Motion to Suppress

Perry claims that trial counsel was ineffective because he failed to file a motion to suppress evidence obtained as a result of the wrongful issuance of a search warrant. He asserts that the information contained in the search warrant was stale, that persons who reported the alleged criminal activity lacked credibility, and that the reasons for this lack of credibility were not presented to

the magistrate. Perry claims that he was prejudiced by this evidence because it led the jury to believe he was a " 'bad person.' " See brief for appellant at 17.

During the hearing on the motion for postconviction relief, Perry failed to produce evidence to establish that the search warrant was improperly issued. The evidence presented was mostly documentary in nature. This evidence did not establish that the search warrant should not have been issued because it was based on false information or testimony that lacked credibility. Without evidence that the search warrant was defective, Perry's claim that trial counsel should have moved to suppress the evidence obtained from the warrant has no merit.

Perry failed to sustain his burden of showing that counsel was ineffective for not moving to suppress the evidence that resulted from the search warrant. Accordingly, the district court did not err in its conclusion that Perry was not entitled to postconviction relief based upon this claim of ineffective assistance of counsel.

## 2. AMENDMENT OF SENTENCE

Perry claims that the district court erred in not granting him postconviction relief because he was "re-sentenced" without being offered an opportunity for allocution or to present evidence to the court. Perry was sentenced by the trial court on April 5, 1994. On August 17, after the Court of Appeals had dismissed his direct appeal, Perry filed a motion for review of his sentence. Perry argued in the motion that his sentence for first degree sexual assault on a child was unconstitutional because it was based on a sentencing guideline that became effective on September 9, 1993. Since the crimes Perry was convicted of occurred before that date and the new law required a more lengthy minimum sentence, Perry sought the benefit of being sentenced under the earlier law.

On July 1, 1996, the trial court denied Perry's motion but ordered the clerk of the court to issue an amended commitment. Perry's sentence for first degree sexual assault on a child was amended from 40 to 42 years' imprisonment to 200 months' to 42 years' imprisonment. The sentences Perry received for his convictions on two counts of sexual assault of a child were not affected by the trial court's order.

On appeal, Perry argues that the district court erred in failing to grant him postconviction relief based on the trial court's alleged error in issuing its July 1, 1996, order. We do not reach the merits of Perry's argument regarding the amendment of his sentence because this is an issue that could have been raised via a direct appeal.

■ The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 1995) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *State v. Bronson*, 267 Neb. 103, 672 N.W.2d 244 (2003). In the case at bar, judgment was rendered with the entry of sentence on April 5, 1994. Accordingly, the trial court's July 1, 1996, order was a final, appealable order, since it affected a substantial right made on summary application in an action after judgment was rendered. Perry did not file a direct appeal from this order.

■ This assignment of error concerns an issue that could have been raised on direct appeal, and Perry is not entitled to postconviction relief on this issue. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002); *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001).

### 3. STATEMENT TO JURY

Perry claims that he should have received postconviction relief because the trial court erred when it told the jury: "[You are] 'free to tell your spouses and maybe your friends what has gone on these two days.'" Perry asserts that this statement was presumptively prejudicial in that the jurors were exposed to information about his case beyond the evidence presented and that, therefore, his due process rights, as guaranteed by the U.S. and Nebraska Constitutions, were violated.

We conclude that this argument is without merit because it concerns an issue that could have been raised on direct appeal. Since Perry was responsible for the failure to properly perfect a direct

appeal, he is procedurally barred from raising this issue by a motion for postconviction relief. A motion for postconviction relief cannot be used to secure the review of an issue which could have been litigated on direct appeal. See, *State v. Curtright, supra*; *State v. Hess, supra*.

### 4. ERRORS ASSIGNED BUT NOT ARGUED

We decline to consider the remainder of Perry's claims of ineffective assistance of counsel because although the claims were assigned as error, they were not argued in his brief. Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002).

## VI. CONCLUSION

For the reasons set forth herein, the order of the district court denying Perry's motion for postconviction relief is affirmed.

AFFIRMED.