Jeffrey C. **MORRIS**, Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. A06–2101.**

Supreme Court of Minnesota.

May 14, 2009.

---

Lawrence Hammerling, Chief Appellate Public Defender, Bradford S. Delapena, Special Assistant Public Defender, St. Paul, for appellant.

Lori Swanson, Attorney General, John S. Garry, Assistant Attorney General, St. Paul, for respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

Appellant Jeffrey C. Morris pleaded guilty pro se to two counts of misdemeanor theft and received a sentence that required him to serve 45 days in the Hennepin County workhouse. Morris did not pursue a direct appeal. When Morris later filed a pro se petition for postconviction relief, he requested the appointment of counsel. His motions for appointment of counsel were denied by the district court and court of appeals on the basis of Minn.Stat. § 611.14(2) (2008), which entitles only certain postconviction petitioners convicted of felonies or gross misdemeanors to representation by the Minnesota State Public

Defender's Office (SPDO) and does not mention misdemeanor defendants. Both courts held that exclusion of misdemeanors from the statute's mandatory representation provisions for first review by postconviction proceedings did not violate Morris's constitutional rights. The court of appeals noted that Minn.Stat. § 611.25, subd. 1(b) (2004) allowed the SPDO, at its discretion, to represent misdemeanor defendants pursuing postconviction remedies. We granted Morris' petition for review to consider whether Minn. Const. art. I, § 6, guarantees the appointment of counsel in a first review of a misdemeanor conviction by postconviction proceeding. We hold that it does.

On December 14, 1998, Morris took two compact-disc players priced at $179.98 from a Target store without paying. On February 27, 1999, Morris took a canvas priced at $16 from the Minnesota Moments store in Southdale Center without paying. On March 2, 1999, Morris, representing himself before the district court, entered a guilty plea to two charges of misdemeanor theft in violation of Minn.Stat. § 609.52 (2008). Morris signed plea petitions in both cases acknowledging that he understood the charges, was giving up his right to be represented by counsel, and was knowingly and voluntarily waiving his constitutional right to trial. For each theft, he was sentenced to 90 days in the Hennepin County workhouse, with 45 days stayed for one year. Morris reported to the workhouse on March 22, 1999.

Morris did not directly appeal either conviction. On December 20, 2005, Morris filed a pro se petition for postconviction relief, seeking to withdraw his pleas on the ground that at the time he pleaded guilty he was not competent to plead guilty or waive his right to counsel. Morris contended that at the time of his pleas, he was

suffering from bipolar disorder and delusions.

On March 23, 2006, we decided in *Deegan v. State* that the right to assistance of counsel under Minn. Const. art. I, § 6, extended to a first review of Deegan's felony conviction by a postconviction court. 711 N.W.2d 89, 98 (Minn.2006).

In April 2006 Morris asked the district court to appoint counsel to represent him in this first review of his misdemeanor conviction by a postconviction court. Pursuant to Minn.Stat. § 590.05 (2008) (providing that "[a] person financially unable to obtain counsel who desires to pursue the remedy provided in section 590.01 may apply for representation by the state public defender."), the district court forwarded Morris's request to the SPDO. The SPDO declined to represent Morris, citing Minn. Stat. § 611.14(2), which mandates state public defender representation of indigent persons in postconviction proceedings only in felony and gross misdemeanor cases.

Morris filed a motion asking the district court to hold that Minn.Stat. § 611.14(2) violates Minn. Const. art. I, § 6. The district court declined to appoint counsel or to declare section 611.14(2) unconstitutional.

On appeal, Morris challenged the district court's order denying his motion requesting that legal counsel be appointed to represent him in his petition for postconviction relief, arguing that Minn.Stat. § 611.14(2) violates the Minnesota Constitution. The state public defender filed a Notice of Appearance, which the court of appeals granted. The court of appeals affirmed, holding that Minn.Stat. § 611.14(2) does not violate Minn. Const. art. I, § 6.

### I.

■ Morris asserts that the analysis we used in *Deegan*, when we held that Article

I, Section 6 of the Minnesota Constitution guaranteed Deegan the right to counsel in a first review of Deegan's felony conviction by postconviction proceeding, applies with equal force to a first review by postconviction relief in a misdemeanor case. We agree.

In *Deegan*, the defendant filed a petition for postconviction relief challenging his felony conviction. 711 N.W.2d at 92. The SPDO denied Deegan's request for representation based on Minn.Stat. § 590.05 (2004) (allowing the SPDO to decline to represent in a postconviction remedy case a person who pleaded guilty and received a presumptive sentence or a downward departure in sentence, when the SPDO determines there is no basis for an appeal of the conviction or sentence). *Deegan*, 711 N.W.2d at 92. On appeal, Deegan argued that the Minnesota Constitution ensured the right to one appellate review of a criminal conviction-through either a direct appeal or postconviction petition-and that the right to counsel was also constitutionally required because counsel was necessary for the review to be meaningful. *Id.* at 91.

In *Deegan*, we discussed federal case law regarding the importance of appointed counsel to ensure meaningful review in certain proceedings. In *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Court observed that only a "barren record [spoke] for the indigent" under California's procedure for requesting appointment of counsel, risking "[a]ny real chance he may have had of showing that his appeal has hidden merit." Although we acknowledged that *Douglas* was limited to direct appeals, we explained that the Court's recent decision in *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005), supported the conclusion that the Supreme Court might well extend the rationale of *Douglas* to Minne-

sota's first review by postconviction proceeding. *Deegan*, 711 N.W.2d at 96. In *Halbert*, the Supreme Court explained that appellants forced to act pro se were "disarmed in their endeavor to gain first-tier review" because such applicants "will face a record unreviewed by appellate counsel, and will be equipped with no attorney's brief prepared for, or reasoned opinion by, a court of review." 545 U.S. 605, 619, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005).

We explained in *Deegan* that we were "persuaded by the rationale" underlying the Supreme Court's decision in *Douglas*, 372 U.S. at 356, 83 S.Ct. 814, that "the quality of a defendant's one review as of right should not hinge on whether a person can pay for the assistance of counsel." *Deegan*, 711 N.W.2d at 98. We concluded that the right to first review by postconviction proceeding recognized in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), was of a nature that prevented a person from meaningfully exercising that right without the assistance of counsel. *Deegan*, 711 N.W.2d at 98. In support of this conclusion we analogized a first review by postconviction proceeding to direct appeals, *see id.* at 94; to the decision to submit to chemical testing (which we note is implicated in DWI proceedings, which include felony, gross misdemeanor, and misdemeanor offenses), *see id.* at 97 (citing *Friedman v. Comm'r of Public Safety*, 473 N.W.2d 828, 833, 836 (Minn.1991)); *see also* Minn.Stat. § 169A.20, subd. 3 (2008); and to an accused's request for counsel during a police interrogation, *see* 711 N.W.2d at 97–98 (citing *State v. Risk*, 598 N.W.2d 642, 648–49 (Minn.1999)). We distinguished *Pennsylvania v. Finley*, in which the Court held that a defendant was not denied "meaningful access" where by the time she applied for post-conviction relief, she had been represented at trial and before the Pennsylvania Supreme Court. *Deegan*, 711 N.W.2d at 96 (citing

*Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (explaining that first review by postconviction proceeding was more like a direct appeal)).

Consequently, we concluded that the right to counsel guaranteed by Minn. Const. Article I, section 6 applied to *Deegan's* first review by postconviction proceeding.

As in *Deegan,* we begin our analysis here with an overview of the postconviction remedy. 711 N.W.2d at 93. In 1967, the Minnesota Legislature enacted the Postconviction Remedy Act. Act of May 10, 1967, ch. 336, §§ 1–6, 1967 Minn. Laws 517, 517–20 (codified at Minn.Stat. chapter 590 (2008)). The postconviction remedy statute currently states, in relevant part:

> Except at a time when direct appellate relief is available, a person convicted of a crime, who claims that . . . the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state . . . may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment. . . .

Minn.Stat. § 590.01, subd. 1 (2008). The term "crime" was, and still is, defined as "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn.Stat. § 609.02, subd. 1 (2008). A misdemeanor is "a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be

imposed." Minn.Stat. § 609.02, subd. 3 (2008). Consequently, the postconviction remedy statute applies to misdemeanors.[1]

As in *Deegan,* we examine the nature of the right recognized in *Knaffla.* In *Knaffla,* we considered whether an appellant was precluded from postconviction relief for errors in his trial because he had failed to seek direct review of his conviction. 309 Minn. 246, 251, 243 N.W.2d 737, 740. We noted that the Postconviction Remedy Act was enacted in response to the United States Supreme Court's decision in *Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), which "[i]mplied . . . that a convicted defendant is entitled to at least one state corrective process to determine a claim of violation of Federal constitutional rights." *Knaffla,* 309 Minn. at 251, 243 N.W.2d at 740. We said that in enacting chapter 590, the legislature had expanded on the implications of *Case* to allow postconviction relief not only where federal and state constitutional issues were raised, but also upon a showing of a violation of state law. *Id.,* 243 N.W.2d at 740–41. We explained that the "salient feature" of chapter 590 "is that a convicted defendant is entitled to at least one right of review by an appellate or postconviction court." *Id.* at 252, 243 N.W.2d at 741. We emphasized that we did not reach the issue of whether the Minnesota Constitution compelled the recognition of the *Knaffla* right because the broad language of the postconviction remedy statute and existing case law independently supported the recognition of the *Knaffla* right.[2] *Id. at* 251–52, 243 N.W.2d at 740–41.

---

**1.** We need not and do not decide whether the Postconviction Remedy Act applies to a defendant who received a sentence that carries a fine of less than $300 and does not involve the possibility of incarceration, because those facts are not presented here. But, we note that Minn.Stat. § 609.02, subd. 4a (2008),

provides that an offense for which a sentence of only a fine of not more than $300 may be imposed does not constitute a crime.

**2.** Similarly, in *Deegan* we did not reach the issue of whether the Minnesota Constitution compelled the recognition of the *Knaffla* right

The state argues that *Deegan* is not controlling in this case because *Deegan* involved a first review by postconviction proceedings of a felony conviction. Although we agree that *Deegan* is not controlling, we are unable to draw, nor does the state offer, any genuine or defensible distinction between the nature of a first review by postconviction proceeding in a felony case and a first review by postconviction proceeding in a misdemeanor case that would support a conclusion that, unlike felony defendants, misdemeanor defendants can meaningfully exercise the right to first review by postconviction proceeding without the assistance of counsel.[3]

The postconviction remedy statute applies with equal force to misdemeanor convictions:

> Except at a time when direct appellate relief is available, a person convicted of a crime, who claims that ... the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state ... may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment. ...

Minn.Stat. § 590.01, subd. 1 (2008). The term "crime" was, and still is, defined as "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn.Stat. § 609.02, subd. 1 (2008). A misdemeanor is "a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be imposed." Minn.Stat. § 609.02, subd. 3.

We have rejected indefensible divisions between felonies, gross misdemeanor, and misdemeanor cases in the past. *See State v. Borst*, 278 Minn. 388, 396–97, 154 N.W.2d 888, 893 (1967) (holding, based on our supervisory power over the administration of justice, that indigent defendants, including those charged with misdemeanors, were entitled to appointed counsel at trial if they faced incarceration for their crimes). Labeling the offense a felony or misdemeanor is not important, we said in *Borst*; the need for counsel at trial is not affected by the label assigned to the offense where a person "is apt to be deprived of his liberty." *Id.* at 397, 154 N.W.2d at 894. Similarly, the need for counsel in a first review by postconviction proceeding is not affected by whether the offense is a felony, gross misdemeanor, or misdemeanor. Consequently, we conclude that the right to counsel guaranteed by Minn. Const. art. I, § 6 applies to Morris's first review by postconviction proceeding. Therefore, the district court erred when it denied Morris's motions for appointment of counsel.

## II.

Morris also argues that the lower courts erred when they rejected his argument that Minn.Stat. § 611.14(2), which excludes misdemeanor defendants from mandatory representation by the SPDO in first review by postconviction proceeding, is unconstitutional because it deprives misdemeanor

---

and instead reaffirmed that the broad language of the postconviction remedy act and existing case law independently supported the recognition of the *Knaffla* right. *Deegan*, 711 N.W.2d at 95.

**3.** As in *Deegan* and *Knaffla*, we do not decide the issue of whether the *Knaffla* right is compelled by the Minnesota Constitution. *See*

*Deegan*, 711 N.W.2d at 95. Our holding in this case is simply an application of the *Deegan* analysis in the context of a first review by postconviction proceeding in misdemeanor cases, which are of a nature that prevents a person from meaningfully exercising that right without the assistance of counsel.

defendants meaningful access to one review of a criminal conviction, in violation of their right to the assistance of counsel under Article I, Section 6 of the Minnesota Constitution. We disagree.

The constitutionality of a statute is a question of law that we review de novo. *Soohoo v. Johnson,* 731 N.W.2d 815, 821 (Minn.2007). Our power to "declare a law unconstitutional is to be exercised only when absolutely necessary in the particular case and then with great caution." *Id.* (quoting *Grobe v. Oak Ctr. Creamery Co.,* 262 Minn. 60, 61, 113 N.W.2d 458, 459 (1962)). We presume that, in enacting section 611.14(2), the legislature did not intend to violate either the U.S. Constitution or the Minnesota Constitution. Minn.Stat. § 645.17(3) (2008). Accordingly, we will uphold a statute unless the challenging party demonstrates that it is unconstitutional beyond a reasonable doubt. *Soohoo,* 731 N.W.2d at 821.

Morris has failed to demonstrate beyond a reasonable doubt that the recognition that misdemeanor defendants have a constitutional right to court-appointed counsel for a first review by postconviction proceeding mandates the appointment of the SPDO. The statutory right to state public defender representation does not necessarily include every person who has a constitutional right to court-appointed counsel. For example, misdemeanor defendants subject to imprisonment have had a right to trial counsel under the federal Constitution since 1972, *see Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (holding that "no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial"), but they did not always have a statutory right to representation by the state public defender. *See* Minn.Stat. § 611.26, subd. 6 (1988) (stating that "the district public defender shall represent, without charge, a defendant charged with a felony or a gross misdemeanor when so directed by the district court."). Instead, misdemeanor defendants were entitled by statute, case law, and our rules only to appointed counsel provided by other means. *See State v. Borst,* 278 Minn. 388, 399, 154 N.W.2d 888, 895 (1967) (extending the right to counsel to indigents charged with misdemeanors where imprisonment could result); Minn. R.Crim. P. 5.02, subd. 2 (1978) (directing that "the court shall appoint counsel for" an unrepresented indigent charged with a misdemeanor punishable by incarceration, unless the defendant voluntarily waives counsel). Consequently, based on the record before us today, it is not "absolutely necessary" that the SPDO be mandated to represent Morris, and therefore it is not "absolutely necessary" that we strike down Minn.Stat. § 611.14(2). For that reason, we hold that Minn.Stat. § 611.14(2) does not violate Minn. Const. art. I, § 6.

Our holding in *Deegan*—that because the right to counsel guaranteed by Minn. Const. Article I, Section 6 applied to Deegan's first review by postconviction proceeding, the legislature's 2003 amendment to Minn.Stat. § 590.05 was unconstitutional, 711 N.W.2d at 98—implicitly equated vindication of the right to counsel for first review by postconviction proceeding with representation by the SPDO. Yet we do not believe our holding here calls *Deegan* into question. Before 2003, the legislature had articulated a policy judgment that the SPDO was obligated to represent defendants under the circumstances described in the 2003 amendment. *See* Act of May 28, 2003, ch. 2, art. 3, § 2, 2003 Minn. Laws 1st Spec. Sess. 1400, 1401 (restricting representation by the SPDO of a subset of postconviction petitioners who had not pursued a direct appeal: those who

had pleaded guilty and received no greater than the presumptive sentence). When the legislature enacted the 2003 amendments eliminating the SPDO's obligation to represent defendants in the circumstances described in the 2003 amendment, it did not express an intent that representation be provided through alternative means. *Id.* On appeal, the State argued that there was no constitutional right to counsel in the circumstances described in the 2003 amendments. Brief of Respondent State of Minnesota at 16–22, *Deegan v. State,* 711 N.W.2d 89 (Minn.2006) (No. A05–24). The state did not contest, however, that if the court concluded that a defendant had a constitutional right to counsel in the circumstances described in the 2003 amendments, then the statute should be restored to its pre–2003 version. *See id.* The parties did not argue or brief other alternatives that might have existed to cure the defect. Consequently, the court limited its analysis to the remedy argued by the parties.

Here, the legislature has not articulated a policy judgment regarding how the right to misdemeanor appellate counsel should be vindicated. And the State questions whether the right must be vindicated by the SPDO. Brief of Respondent State of Minnesota at 18–19, *Morris v. State,* No. A06–2101 (Minn. July 16, 2008). In this case, recognition of the right to misdemeanor appellate counsel does not compel us to affirmatively order, on this record, as a constitutional mandate, that the SPDO must provide that representation. The de-

velopment of a state policy on how the right to misdemeanor appellate counsel in the postconviction setting is vindicated involves public policy and funding issues that, in the first instance, are better left to the legislature. In the absence of a state policy, we adopt the approach taken in *Borst,* leaving to the district court's discretion the question of who should be appointed as counsel to represent Morris in the matter before us today.

We affirm the lower court decisions that Minn.Stat. § 611.14(2) is not unconstitutional. We reverse the district court's orders denying Morris's motion for appointed counsel and remand this case to the district court for reconsideration of Morris's motion for appointment of counsel.[4]

Affirmed in part, reversed in part and remanded.

DIETZEN, J., took no part in the consideration or decision of this case.

---

**4.** We recognize there is increased cost in providing counsel to indigent misdemeanor defendants for first review by postconviction proceeding. In *Borst,* we acknowledged concerns about the cost of appointed trial counsel in misdemeanor cases, but observed that "the possible loss of liberty by an innocent person charged with a misdemeanor, who does not know how to defend himself, is too sacred a right to be sacrificed on the altar of expedience." 278 Minn. at 399, 154 N.W.2d at 894–95. There are also measures in place that will limit the universe of indigent misdemeanor defendants who will be eligible for court-appointed counsel or state public defender representation for first review by postconviction proceeding. *See generally* Minn.Stat. § 590.01 (2008).