Robert Alan LARSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A10–485.

Court of Appeals of Minnesota.

Aug. 8, 2011.

David W. Merchant, Chief Appellate Public Defender, Frank R. Gallo, Jr., Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Russ E. Arneson, Blue Earth County Attorney, Mankato, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; SHUMAKER, Judge; and WORKE, Judge.

## OPINION

SHUMAKER, Judge.

Appellant challenges the district court's denial of his postconviction petition for relief from his 2002 conviction and sentence of felony test refusal, arguing that the court erred in concluding that his petition is barred as untimely under Minn. Stat. § 590.01, subds. 4(a)(1), (c) (2010), because he contends that he is entitled to one review of his conviction when matters of constitutional rights are involved. Under the United States and Minnesota Constitutions, a criminal defendant does not have an unlimited and absolute right to one review of a conviction, even when constitutional claims are involved. We affirm.

## FACTS

Following his arrest on October 6, 2002, for driving while impaired (DWI), appellant Robert Alan Larson was charged with one count of first-degree DWI, Minn.Stat. § 169A.24 (2002); one count of refusal to test, Minn.Stat. § 169A.20, subd. 2 (2002); and one count of driving after cancellation, Minn.Stat. § 171.24, subd. 5 (2002). Because Larson had five prior DWI convictions within ten years of the October 6, 2002 offense, he was charged with felony DWI under the newly enacted felony-DWI statute. This was the first felony DWI charge in Blue Earth County under the new law. On November 5, 2002, Larson appeared in the Blue Earth County District Court and pleaded guilty to one count of refusal to test in violation of Minn.Stat. §§ 169A.20, subd. 2, 169A.24, subd. 3, in exchange for the dismissal of the remaining charges. On December 2, 2002, the district court imposed an executed 54–month sentence, with 18 months of supervised release, and an additional five years of conditional release, in accordance with the sentencing guidelines.

Larson moved for a corrected sentence under Minn. R.Crim. P. 27.03, subd. 9 on May 30, 2003, alleging that his criminal-history score improperly included two prior DWI convictions, and arguing that, because his prior DWIs enhanced his most recent offense to a felony, they could not also be used to increase his sentence. The district court heard and denied Larson's motion, finding that the criminal-history score was correctly calculated. The district court explained that three of Larson's five prior DWI convictions were used to enhance the current offense to a felony and the remaining two convictions were properly included in his criminal-history score. Larson did not directly appeal either his conviction or the denial of his motion for a corrected sentence.

Larson petitioned the district court for postconviction relief on July 17, 2009. At the time, Larson was facing additional charges of felony DWI, felony test refusal, three gross misdemeanors, including fourth-degree assault, obstructing legal process, and driving after cancellation. In his postconviction-relief petition, Larson argued that, because of procedural and due process violations relating to his 2002 plea of guilty and conviction, the 2002 conviction should not enhance his 2009 DWI. Specifically, he alleged that: (1) his waiver of rights was not intelligent and voluntary; (2) he never formally entered a guilty plea and the district court never formally accepted the plea; (3) there were misunderstandings regarding his sentencing; and (4) that he cannot waive his right to appeal. Larson requested that the district court either vacate his 2002 conviction or allow him to withdraw his guilty plea and to stand trial on the 2002 charges. He made his request under the interests-of-justice exception to Minnesota's postconviction-relief statute, Minn.Stat. § 590.01, subd. 4(b)(5) (2008).

The district court denied Larson's postconviction-relief petition on January 12, 2010, because it determined that his claims were time-barred under Minn.Stat. § 590.01, subd. 4(a) (2008), and that Larson did not qualify for any of the exceptions to the time-bar set forth in Minn. Stat. § 590.01, subd. 4(b) (2008). *See* 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098 (providing that no petition for postconviction relief may be filed after August 1, 2007, if the defendant's conviction was final before August 1, 2005).

Larson appealed the denial of his petition for postconviction relief to this court.

## ISSUE

Is Minnesota's two-year time limitation for postconviction relief unconstitutional as

it applies to criminal defendants whose constitutional-violation claims have not been reviewed on direct appeal or in a postconviction proceeding?

## ANALYSIS

■ When considering a district court's denial of postconviction relief, we review issues of law de novo and findings of fact for sufficiency of the evidence. *Leake v. State,* 737 N.W.2d 531, 535 (Minn. 2007). "Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999). Accordingly, appellate courts review the constitutionality of statutes de novo. *Id.*

Larson argues that Minnesota's postconviction-relief statute is unconstitutional because it imposes a time limitation on criminal defendants who have not had appellate review of their constitutional claims. He contends that his postconviction claims cannot be barred as untimely because the United States and the Minnesota Constitutions provide him with the right to one review of his conviction when he raises constitutional claims.

■ When a direct appeal is not available, Minn.Stat. § 590.01 (2010) allows a person convicted of a crime to seek relief from his conviction by filing a postconviction-relief petition in the district court. Since its enactment by the legislature in 2005, Minn.Stat. § 590.01, subd. 4(a)(1), has required all postconviction petitions to be filed within two years of the later of the entry of judgment of conviction or the sentence, if no direct appeal is filed. For petitioners whose convictions became final before August 1, 2005, the deadline to file a postconviction-relief petition was August 1, 2007. *See* 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098 ("Any person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief."). The statute includes several exceptions that allow a postconviction court to hear a petition otherwise time-barred, including if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn.Stat. § 590.01, subd. 4(b)(5). A petition invoking an exception to the time limit, however, must be filed within two years of the date the claim arises.[1] Minn.Stat. § 590.01, subd. 4(c).

Because his conviction was final before August 1, 2005, Larson's deadline to petition for postconviction relief was August 1, 2007. *See Stewart v. State,* 764 N.W.2d 32, 34 (Minn.2009). Larson petitioned for postconviction relief on July 17, 2009, almost two years after the filing deadline had expired. He does not contend that his postconviction-relief petition was timely, but rather argues that the statute's time limit is unconstitutional as it applies to criminal defendants who have not had one appellate review of their constitutional claims.

## I.

■ Larson contends the statute of limitations is unconstitutional because it infringes on a federal constitutional right. He argues that the United States Constitution guarantees to a criminal defendant the right to one review of constitutional claims. Yet, for more than a century, the

---

1. Minn.Stat. § 590.01, subd. 4(c), is more easily applied to the exceptions involving discovery of new evidence or a new interpretation of law. But a sentencing error or trial error that was reflected in the record but not dis-
covered within the two-year time limit because the defendant did not pursue direct appeal could qualify for this exception and be raised within two years of when the error was discovered.

United States Supreme Court has rejected this argument. "A review by an appellate court of the final judgment in a criminal case, however grave the offence of which the accused is convicted, was not at common law, and is not now, a necessary element of due process of law." *McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 915, 38 L.Ed. 867 (1894); *see also Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977) (there is no constitutional right to appeal); *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (plurality opinion) ("It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all.").

Further, Larson fails to cite any provision in the United States Constitution that entitles a criminal defendant to one review of a criminal conviction. Instead, to support his argument, Larson relies on *Young v. Ragen,* 337 U.S. 235, 237–39, 69 S.Ct. 1073, 1074–75, 93 L.Ed. 1333 (1949), and *Case v. Nebraska,* 381 U.S. 336, 337–38, 85 S.Ct. 1486, 1487, 14 L.Ed.2d 422 (1965). In *Young v. Ragen,* the United States Supreme Court held that prisoners must be afforded "some clearly defined method by which they may raise claims of denial of federal rights." 337 U.S. at 237–39, 69 S.Ct. at 1074–75. The defendant in *Case v. Nebraska* had no posttrial procedure to review his claims of denial of federal rights. After the Supreme Court granted certiorari, the Nebraska legislature enacted a statute providing posttrial hearings in situations like *Case*'s, where a defendant claimed his federal rights were violated. 381 U.S. at 337–38, 85 S.Ct. at 1487. The Supreme Court remanded to the Nebraska Supreme Court for reconsideration in light of the intervening statute. *Id.* at 337, 85 S.Ct. at 1487.

But there is a critical difference between *Young* and *Case,* and the instant matter. Young and Case had *no* posttrial procedure by which their federal rights could be vindicated. In contrast, Larson had two posttrial remedies—direct appeal and postconviction relief—to litigate his constitutional claims. One of these remedies, postconviction relief, was available to him for many years, yet Larson inexplicably failed to use it.

Larson also cites *Ross v. Moffitt* to support the assertion that the state must provide an "indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process." 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974). He contends that the Supreme Court in *Ross* distinguished between the rights of defendants seeking discretionary review from those seeking a first appeal. He argues that *Ross* "apparently provid[es] greater protection of claims made by [defendants] who had no previous judicial review." But *Ross* only requires that a defendant have an *adequate opportunity* to present an appeal; it does not provide an unlimited right to appeal. *Ross* also explicitly states that "it is clear that the State need not provide any appeal at all." *Id.* at 611, 94 S.Ct. at 2444 (citing *McKane,* 153 U.S. 684, 14 S.Ct. 913). Larson's reliance on *Ross* is misplaced because *Ross* ensures that indigent defendants are afforded the same opportunities to appeal as more affluent defendants. He does not argue that he has been denied an opportunity to appeal because of his economic status, but that he can never be denied an opportunity to appeal a constitutional claim if it has never been reviewed. For this contention, *Ross* is not on point.

Further supporting our conclusion that the United States Constitution does not entitle Larson to an unlimited and absolute

right to appeal his constitutional claims is United States Supreme Court caselaw that has consistently upheld state time limitations on raising federal constitutional issues. *See U.S. v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 9, 128 S.Ct. 1511, 1517, 170 L.Ed.2d 392 (2008) (stating that "a constitutional claim can become time-barred just as any other claim can"); *Michel v. Louisiana,* 350 U.S. 91, 97, 76 S.Ct. 158, 162, 100 L.Ed. 83 (1955) (holding that under the Due Process Clause of the Fourteenth Amendment, a state may attach reasonable time limitations to the assertion of federal constitutional rights); *Williams v. Georgia,* 349 U.S. 375, 382–83, 75 S.Ct. 814, 819, 99 L.Ed. 1161 (1955) ("A state procedural rule which forbids the raising of federal questions at late stages in the case, or by any other than a prescribed method, has been recognized as a valid exercise of state power."); *Yakus v. U.S.,* 321 U.S. 414, 444, 64 S.Ct. 660, 677, 88 L.Ed. 834 (1944) ("[A] constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right.").

■ The test as to whether a federal right is waived by failure to comply with the appellate practice of a state depends on whether the practice gives litigants "a reasonable opportunity to have the issue as to the claimed right heard and determined" by the state court. *Parker v. Illinois,* 333 U.S. 571, 574, 68 S.Ct. 708, 710, 92 L.Ed. 886 (1948). In Minnesota, criminal defendants have two methods by which they may raise postconviction constitutional claims—direct appeal and a postconviction proceeding. Under Minn. R.Crim. P. 28.02, Larson could have raised his constitutional claims on direct appeal within 90 days after final judgment. Upon expiration of the time for direct appeal, under Minn.Stat. § 590.01, Larson had two years from the entry of judgment of conviction or sentence to file a postconviction petition

raising his constitutional claims. Larson does not set forth any reason why this two-year limitation is unreasonable or why he could not have raised his constitutional claims during the time provided by statute. Furthermore, Larson had more than the two-year period to assert his constitutional claims, because the deadline to file a postconviction petition was August 1, 2007. *See* 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098 ("Any person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief."). Larson had a reasonable opportunity to raise his federal constitutional claims. His failure to take advantage of these opportunities does not render the postconviction statute's two-year time limitation unconstitutional.

Larson also contends that the Minnesota Constitution guarantees the right to one review of a criminal conviction when constitutional claims are raised. He argues that *Deegan v. State,* 711 N.W.2d 89, 95 (Minn.2006), implies that the Minnesota Constitution provides a convicted defendant with a right of first review of constitutional issues. *Deegan* held that a statutory provision allowing the state public defender to decline representation of indigent postconviction petitioners who pleaded guilty, received the presumptive sentence or less, and did not pursue a direct appeal, violated the right-to-counsel provision of the Minnesota Constitution. *Deegan,* 711 N.W.2d at 98. But *Deegan* does not support Larson's contention that he is entitled a limitless and absolute right to one review. Although the supreme court in *Deegan* stated that the right to one review may be a "tradition unique to Minnesota" that is "arguably ... grounded in the Minnesota Constitution," the court expressly declined to decide that question in *Deegan. Id.* at 95. While Minnesota provides criminal defendants with the

right to one review, it is not necessarily grounded in the state's constitution. The supreme court has more recently emphasized it has not reached the issue of whether the Minnesota Constitution guarantees a defendant the right to one review of a criminal conviction, recognizing that the postconviction statute and the holding in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), already provide such a right. *Morris v. State*, 765 N.W.2d 78, 82–83 n. 2–3 (Minn.2009).

Next, Larson argues that the Minnesota Supreme Court has suggested that a petition cannot be barred as untimely when the petitioner has not been heard on direct appeal. He relies on *Sutherlin v. State*, 574 N.W.2d 428, 432 (Minn.1998), and *Black v. State*, 560 N.W.2d 83, 85 (Minn. 1997), to support this proposition. But these cases are of limited, if any, value because both predate the postconviction statute's amendment that created the two-year time limitation for filing postconviction petitions. The supreme court's indications in *Sutherlin* and *Black* that a petition cannot be barred when a petitioner has not been heard on direct appeal are taken out of context because now the statute does restrict the time for filing petitions. Moreover, the supreme court's statements in *Sutherlin* and *Black* pertained only to the postconviction statute's lack of a time restriction for filing petitions and did not imply that a time limitation would be unconstitutional.

Larson's reliance on *Stutelberg v. State* is also misplaced. 741 N.W.2d 867, 874 (Minn.2007). *Stutelberg* considered the denial of a petition that was filed within Minn.Stat. § 590.01's primary deadline. Although the postconviction petition in *Stutelberg* was timely under the statute, the district court denied the petition because it concluded that the petitioner had unduly delayed its filing. The supreme court reversed. *Id.* at 872, 874. Larson, on the other hand, did not petition for postconviction relief within the prescribed time limit in the postconviction statute, and thus *Stutelberg* is distinguishable.

*Spann v. State*, 704 N.W.2d 486 (Minn. 2005), further supports our conclusion. In *Spann*, the supreme court held that a defendant cannot waive his right to appeal in exchange for a benefit conferred by the state, which in Spann's case was a reduced sentence. 704 N.W.2d at 487, 494. The supreme court recognized that a waiver of the right to appeal through an agreement with the state is "fundamentally different from the defendant's waiver of personal rights or waiver by default." *Id.* at 493. And the supreme court asserted in *Spann* that a "convicted defendant does not have a constitutional right to appeal under either the United States Constitution or the Minnesota Constitution." *Id.* at 491.

■ To the extent Larson argues that he can never waive his right to challenge his criminal conviction when constitutional rights are involved, our caselaw says otherwise. *See State v. Blom*, 682 N.W.2d 578, 617 (Minn.2004) (stating that a defendant may waive fundamental constitutional rights); *State ex rel. Rajala v. Rigg*, 257 Minn. 372, 101 N.W.2d 608, 614 (1960) (holding that "except as limited by public policy, a person may waive any legal right, constitutional or statutory"); *State ex rel. Shelby v. Rigg*, 255 Minn. 356, 96 N.W.2d 886, 893 (1959) (same).

■ The right to appeal need not be relinquished deliberately. A defendant can always waive his right to appeal simply by not filing an appeal. And, generally, the failure to object to an error at trial constitutes a waiver of the right to appeal on that basis. *State v. Taylor*, 650 N.W.2d 190, 205 (Minn.2002) (upholding admission of evidence where appellant failed to object at trial); *see also Roby v. State*, 547

N.W.2d 354, 357 (Minn.1996) (holding that appellate court will not consider matters not argued to and considered by the district court). Issues not adequately briefed on appeal are also waived. *State v. Butcher,* 563 N.W.2d 776, 780 (Minn.App.1997), *review denied* (Minn. Aug. 5, 1997). In sum, Larson cannot claim that he "has been denied an adequate remedy at law when he has simply neglected to invoke available remedies providing for appeal in a timely manner." *See Adelman v. Onischuk,* 271 Minn. 216, 228, 135 N.W.2d 670, 678 (1965).

Larson argues that "[i]t is not in the hands of the legislature to define or limit constitutional rights." But he has failed to establish, and the caselaw does not support, that he has a constitutional right to one review. *See Griffin,* 351 U.S. at 18, 76 S.Ct. at 590; *Spann,* 704 N.W.2d at 491 (stating that a "convicted defendant does not have a constitutional right to appeal under either the United States Constitution or the Minnesota Constitution"). As noted above, Minnesota provides criminal defendants with two ways to seek review of a conviction. Larson failed to take advantage of either within the prescribed time limits.

## DECISION

Because a convicted defendant does not have a constitutional right to appeal under either the United States or the Minnesota Constitution, Minnesota's two-year time limitation to petition for postconviction relief is not unconstitutional, even if it precludes criminal defendants from raising constitutional-violation claims that have not been reviewed on direct appeal or in a postconviction proceeding.

**Affirmed.**