**BEE YANG, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A11–400.**

Court of Appeals of Minnesota.

Nov. 28, 2011.

Review Granted Jan. 17, 2012.

Stay Granted Jan. 17, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Richard R. Maes, Lyon County Attorney, Marshall, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and CONNOLLY, Judge.

## OPINION

CONNOLLY, Judge.

Appellant's postconviction petition for relief was denied by the postconviction court on the ground that it was time-barred under Minn.Stat. § 590.01, subd. 4(c). He challenges that decision, contending that claims invoking the subdivision 4(b)(5) exception should not be subject to a two-year time limitation. We affirm.

## FACTS

In 2005, pursuant to a plea agreement, appellant Bee Yang, pleaded guilty to one count of second-degree criminal sexual conduct in violation of Minn.Stat. § 609.343, subd. 1(b) (2004). On January 24, 2006, appellant was sentenced and received a stay of execution of a 21–month prison sentence. Appellant was placed on probation and informed that he would be subject to a five-year conditional-release term if his sentence was executed. He indicated at sentencing that he understood these terms. Appellant did not file a direct appeal.

On December 29, 2006, during a probation-revocation hearing, the district court was informed that appellant's Pre–Sentence Investigation contained an error and that appellant's offense required imposition of a ten-year conditional-release term, not a five-year term. *See* Minn.Stat. § 609.3455, subd. 6 (Supp.2005). After hearing arguments, the district court revoked appellant's probation pursuant to *State v. Austin*, 295 N.W.2d 246 (Minn. 1980), for accessing pornography on his computer in violation of a condition of his probation, executed his sentence, and imposed a ten-year conditional-release term. Appellant did not appeal.

In May 2010, more than two years after the probation-revocation hearing, appellant filed a petition for postconviction relief and a motion for appointment of a public defender. A public defender was appointed and filed a supplemental petition. Appel-

lant challenged the imposition of the ten-year conditional-release term as violating his due-process right and his plea agreement. Appellant's petition for postconviction relief was denied as time-barred pursuant to Minn.Stat. § 590.01, subd. 4(c), and the postconviction court did not reach the merits of appellant's claim.

## ISSUES

I. Is Minn.Stat. § 590.01, subd. 4(c), unconstitutional?

II. Does Minn.Stat. § 590.01, subd. 4(c), preclude review of appellant's petition?

## ANALYSIS

When considering a district court's denial of postconviction relief, this court reviews issues of law de novo and findings of fact for sufficiency of the evidence. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007).

### I. Minn.Stat. § 590.01, subd. 4(c), is not unconstitutional.

■ Appellant challenges the constitutionality of Minn.Stat. § 590.01, subd. 4(c). "Minnesota statutes are presumed constitutional and . . . our power to declare a statute unconstitutional must be exercised with extreme caution and only when absolutely necessary." *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999). Accordingly, we will uphold a statute unless the challenging party demonstrates that it is unconstitutional beyond a reasonable doubt. *Id.* Specifically, appellant argues that subdivision 4(c) is unconstitutional because it imposes a time limitation on criminal defendants who may not have had appellate review of their claims, and both the United States and the Minnesota Constitutions provide him with the right to one substantive review of his conviction.

■ We disagree. This court in *Larson v. State* held that there is no right to one review in a criminal case under the Unites States Constitution. 801 N.W.2d 222, 226 (Minn.App.2011), *review granted and stayed* (Minn. Oct. 18, 2011). *Larson* holds that criminal defendants have a federal constitutional right to both (1) a method and (2) an "adequate opportunity" to appeal. *See id.*

Appellant was afforded a method of review through Minnesota's postconviction relief statute. *See* Minn.Stat. § 590.01 (2010). Appellant does not set forth reasons why he could not have raised his claims during the two-year period provided by the statute, or why the two-year limitation is unreasonable. Appellant had two years, an adequate opportunity, to raise his claim.

As to his claim that the statute violates the Minnesota Constitution, appellant relies on *Deegan v. State,* 711 N.W.2d 89 (Minn.2006). His reliance is misplaced. "*Deegan* does not support [the] contention that [a defendant] is entitled [to] a limitless and absolute right to one review" under the Minnesota Constitution. *Larson,* 801 N.W.2d at 227. The supreme court, in *Deegan,* "expressly declined to decide" if a criminal defendant has a right to one review. *Id.* at 227–28. Moreover, in *Larson,* this court held that the Minnesota Constitution does not provide the constitutional right to one review. *Id.* at 229 ("[A] convicted defendant does not have a constitutional right to appeal under . . . the Minnesota Constitution.").

■ Because a convicted defendant does not have a constitutional right to one substantive appellate review of a conviction under either the United States or the Minnesota Constitution, Minn.Stat. § 590.01, subd. 4(c) is not unconstitutional.

**II. Minn.Stat. § 590.01, subd. 4(c), precludes review of appellant's petition.**

 "Interpretation of a statute presents a question of law," which this court reviews de novo. *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn.2011). The goal of statutory interpretation is to "ascertain and effectuate the intention of the legislature." *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010) (quotation omitted). "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language." *Id.*

Minn.Stat. § 590.01, subd. 4, provides:

(a) No petition for postconviction relief may be filed more than two years after the later of:

(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or

(2) an appellate court's disposition of petitioner's direct appeal.

(b) Notwithstanding paragraph (a), a court may hear a petition for postconviction relief if . . .

(5) the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.

(c) *Any petition invoking an exception provided in paragraph (b) must be filed within two years of the date the claim arises.*

(Emphasis added.) Appellant argues that, although his petition was not filed within two years of his original sentencing as required under Minn.Stat. § 590.01, subd. 4(a), Minn.Stat. § 590.01, subd. 4(b)(5), allowed the postconviction court to hear his petition.

 Courts may hear a petition for postconviction relief beyond the limitations of Minn.Stat. § 590.01, subd. 4(a), if two conditions are met: first, the claim qualifies under an exception outlined in Minn. Stat. § 590.01, subd. 4(b); and second, the petition is filed "within two years of the date the claim arises." Minn.Stat. § 590.01, subd. 4(c); *see also Rickert v. State*, 795 N.W.2d 236, 242 (Minn.2011) (applying subdivision 4(c) two-year time limitation to a petition invoking the subdivision 4(b)(5) exception). "Claim" refers to an event that supports a right to relief under the asserted exception. *See Rickert*, 795 N.W.2d at 242. In a civil case, a claim arises when it can survive a motion to dismiss for failure to state a claim upon which relief can be granted. *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn.1999). Thus, a claim under subdivision 4(b)(5) arises on the date of an event that establishes a right to relief in the interests of justice.

Appellant argues that, because he filed his petition under subdivision 4(b)(5), his claim should not be subject to the two-year time limitation. Appellant contends that, since there is not necessarily a new "date the claim arises" with a claim invoking subdivision 4(b)(5), applying a time limitation would eviscerate the exception.

 We disagree. The plain language of subdivision 4(c) is unambiguous; it applies to *any* subdivision 4(b) exception. Appellant filed a petition under subdivision 4(b)(5), and his petition had to be filed within two years of the date his claim arose. Appellant's claim arose on December 29, 2006, when the district court imposed a ten-year conditional-release term instead of the five-year term he had been promised at sentencing. Any injury or prejudice to appellant resulting from increasing his conditional-release term would have occurred on this date. Therefore, his deadline for filing a petition for postconviction relief based on this event was December 29, 2008. His petition was filed on

May 5, 2010. Appellant provides no reason why he could not have raised his claim during the two-year period provided by the statute.

Contrary to appellant's argument, the application of a time limitation to a subdivision 4(b)(5) exception claim does not result in eviscerating the exception. In this case, the relevant date triggering the time limitation under subdivision 4(c) is December 29, 2006, because that is the date appellant's claim arose. This date is different than the date he was originally sentenced, on January 24, 2006. This case is similar to other cases where a subdivision 4(b) claim arises on a different date than the date to which the subdivision 4(a) time limitation begins to run. *See, e.g., Rickert,* 795 N.W.2d at 238, 242 (holding individual met subdivision 4(c) filing requirement, although his subdivision 4(a) filing deadline expired on August 18, 2008, because his subdivision 4(b)(5) claim due to late transcript delivery arose by August 2008 and his petition was timely filed in October 2008); *Miles v. State,* 800 N.W.2d 778, 781, 784–85 (Minn.2011) (holding individual could meet subdivision 4(c) filing requirement, although his 4(a) filing deadline expired in August 2007, because his potential subdivision 4(b)(2) claim due to new evidence arose in 2010 and his petition could be filed within the two year limit). Thus, in cases in which an individual's claim arises after the subdivision 4(a) time limitation begins to run, subdivision 4(b) allows a postconviction court to review a petition more than two years after an entry of judgment of conviction or sentence, or disposition of a direct appeal, while subdivision 4(a) does not.

■ To determine if a petition is time-barred, postconviction courts must undertake two separate inquiries. First, the court must establish the date of entry of judgment of conviction or sentence, or disposition of direct appeal, and add two years to determine the deadline under subdivision 4(a). Second, if a petition asserts a subdivision 4(b) claim, the court must establish the date the claim arose, and add two years to determine the deadline under subdivision 4(c). Then the court should look at whether the petition was filed before the expiration of the last deadline. If the petition was not filed before expiration of the last deadline, the petition is time-barred.

Subdivisions 4(a) and 4(b) serve distinct purposes, requiring postconviction courts to apply different analyses, and, therefore, are not duplicative. Because appellant did not file his petition for postconviction relief within two years of the date his subdivision 4(b)(5) claim arose, the postconviction court did not err in concluding that appellant's petition was time-barred under Minn.Stat. § 590.01, subd. 4(c).

## DECISION

Because appellant's claim for relief under Minn.Stat. § 590.01, subd. 4(b)(5), arose when the date the district court imposed the increased conditional-release term, and appellant filed his petition for postconviction relief more than two years after that date, he did not file his petition within the time limitation of Minn.Stat. § 590.01, subd. 4(c), and the petition was properly denied as time-barred.

**Affirmed.**