*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1276**

Sabranino Altranino Thompson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 16, 2015
Affirmed
Smith, Judge**

Stearns County District Court
File No. 73-K5-06-005183

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie M. Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle Prokopec Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Smith, Judge.

## U N P U B L I S H E D   O P I N I O N

**SMITH**, Judge

We affirm the district court's denial of appellant's postconviction petition because the petition was untimely.

## FACTS

In 2006, the state charged appellant Sabranino Thompson with second-degree controlled-substance crime and fifth-degree controlled-substance crime, alleging that on one occasion he sold a substance containing cocaine and on another occasion he sold a substance containing cocaine in addition to marijuana to a confidential informant. Thompson pleaded guilty to fifth-degree controlled-substance crime as part of a plea agreement in October 2008. Thompson did not appeal his conviction.

In 2013, Thompson petitioned for postconviction relief, requesting to withdraw his guilty plea. Thompson argued that his plea was not intelligent because his counsel had informed him that he was pleading guilty to a possession crime, not a sale crime. The district court found that Thompson's petition was untimely and summarily denied the petition.

## D E C I S I O N

Thompson argues that the district court abused its discretion in denying his petition to withdraw his guilty plea. "We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (citations and quotations omitted). When reviewing a district court's decision to grant or deny relief, issues of law are reviewed de novo, and issues of fact are reviewed for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).

A district court "must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the [district] court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. To be timely, a petition for postconviction relief must be filed within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1) (2014). An exception exists when "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5) (2014). A petition invoking the interests-of-justice exception "must be filed within two years of the date the claim arises." *Id.*, subd. (4)(c) (2014). The date a claim arises is a question of fact. *See Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012).

Thompson argues that his plea was not intelligent because his attorney told him that he was pleading guilty to a possession charge rather than a sale charge; thus, he did not understand the charges. Because of this, Thompson argues, his claim under the interests-of-justice exception arose when he became aware that he actually pleaded guilty to a sale charge, which was "when [the] conviction affected Thompson's federal sentence" on other charges. But, the supreme court has held that:

> When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice simply cannot have caused the petitioner to miss the 2-year time limit in subdivision 4(a), and therefore is not the type of injustice contemplated by the interests-of-justice exception . . . .

*Id.* at 557. To determine when an interests-of-justice claim arises, the supreme court held that an objective standard applies, explicitly rejecting a requirement of actual knowledge.

3

*Id.* at 558-59. A claim thus "arises when the petitioner knew or should have known that he had a claim." *Id.* at 560. A petitioner has a claim on "the date of an event that establishes a right to relief in the interests of justice." *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011), *review denied* (Minn. Aug. 7, 2012).

The substance of Thompson's petition was that his guilty plea was not intelligent because his counsel did not provide him with information necessary to understand his guilty plea. However, the complaint provided Thompson with notice that he was charged with sale crimes, not possession crimes. Count One alleged that Thompson twice sold substances containing cocaine, and Count Two alleged that Thompson sold a substance containing marijuana. The complaint specifically uses the word "sell" in each count and describes the underlying circumstances of the sales with detail. In addition, Thompson signed a plea petition in which he asserted that he understood the charges against him, was satisfied with his attorney's representation, and would "plead guilty to Count II." The signed plea petition referenced the counts designated in the complaint, both of which described sale crimes. No possession crimes were charged in the complaint. Therefore, Thompson should have known that he was pleading guilty to a sale crime at the time of his guilty plea. Thompson's claim also arose on the date of his plea because his plea was an event that would have established a right to relief for ineffective assistance of counsel. Because his claim arose on the date of his plea and his postconviction was filed more than two years later, he does not satisfy the interests-of-justice exception.

4

Because Thompson cannot meet an exception to the two-year time bar, we hold that the district court did not abuse its discretion by denying Thompson's petition for postconviction relief.

**Affirmed.**