*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1217**

Alan Alberto Zamora Morales, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 16, 2015
Affirmed
Larkin, Judge**

Dakota County District Court
File No. 19HA-CR-10-3932

Richard L. Swanson, Chaska, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger III, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the postconviction court's denial of his request to withdraw his guilty plea to a fifth-degree controlled-substance crime. Because appellant's request

for relief was time-barred under Minn. Stat. § 590.01, subd. 4(a)-(a)(1) (2014), and he did not timely invoke the interests-of-justice exception to the time bar, we affirm.

## FACTS

On March 21, 2011, appellant Alan Alberto Zamora Morales pleaded guilty to a fifth-degree controlled-substance crime. The plea agreement called for a stay of adjudication. During the plea colloquy, the following exchange occurred between Zamora Morales and his defense counsel:

> Q: So you understand that right now you don't have a conviction?
> A: Yes.
> Q: And you won't have a conviction as long as you comply with the conditions that are spelled out by [the district court], is that correct?
> Q: Yes.
> . . . .
> Q: Now, you also understand that for individuals that someone might have a question about their legal status in terms of immigration matters, that if that should come to apply to you, or to any other individual, then there is the possibility that there would be immigration consequences because of an *actual conviction*, is that correct?
> A: Yes.

(Emphasis added.)

The district court stayed adjudication of Zamora Morales's sentence and placed him on probation. Zamora Morales successfully completed probation, and the district court dismissed the charge without adjudicating him guilty or entering a judgment of conviction.

In 2014, Zamora Morales learned that the government had initiated proceedings to deport him based on his guilty plea. On March 12, 2014, Zamora Morales moved to

withdraw his guilty plea, arguing that the plea was not intelligent because he was unaware of the immigration consequences of pleading guilty. The district court denied the motion after concluding that it was time-barred. Zamora Morales appeals.

**D E C I S I O N**

A post-sentence motion for plea withdrawal is treated as a request for postconviction relief. *James v. State*, 699 N.W.2d 723, 727 (Minn. 2005). A person may petition for postconviction relief if he claims that "the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1, 1(1) (2014). We review the denial of a petition for postconviction relief for an abuse of discretion. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).

A petition for postconviction relief must be filed within two years of "the entry of judgment of conviction or sentence." Minn. Stat. § 590.01, subd. 4(a)-(a)(1). Whether a petition is timely is a legal issue that is reviewed de novo. *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011), *review denied* (Minn. Aug. 7, 2012). A stay of adjudication is a sentence that triggers the two-year time limit for filing a postconviction petition. *Dupey v. State*, 855 N.W.2d 544, 546 (Minn. App. 2014), *review granted* (Minn. Dec. 30, 2014). Here, Zamora Morales was sentenced on March 21, 2011, and he did not file his request for postconviction relief until March 12, 2014. The postconviction court therefore correctly determined that the request was untimely.

There are certain exceptions to the two-year time bar. *See* Minn. Stat. § 590.01, subd. 4(b)(1)-(5) (2014) (listing five exceptions). Although Zamora Morales did not

3

invoke a particular exception in the postconviction court, respondent State of Minnesota acknowledged that the interests-of-justice exception arguably was applicable and addressed that exception. Under the interests-of-justice exception, a district court may consider a postconviction petition if the petitioner establishes "that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). However, a petitioner invoking the exception must do so "within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c) (2014). "'Claim' refers to the event that supports a right to relief under the asserted exception." *Yang*, 805 N.W.2d at 925.

In *Sanchez v. State*, the supreme court held that a claim under the interests-of-justice exception arises "when the petitioner knew or should have known that he had a claim." 816 N.W.2d 550, 560 (2012). In *Sanchez*, the petitioner argued that his claim arose only after "he had actual, subjective knowledge" of the claim. *Id.* at 558. The supreme court specifically rejected use of a subjective standard and adopted the objective "knew or should have known" standard. *Id.* at 558-59. The date a claim arises under the interests-of-justice exception is a question of fact that we review for clear error. *Id.* at 560.

The postconviction court considered whether the interests-of-justice exception should apply in this case. It first determined that the record "conclusively" establishes that Zamora Morales's plea was not intelligent because his plea petition contained no immigration advisory and appellant was essentially advised by counsel that his plea would not result in immigration consequences unless he violated probation and a conviction was entered following revocation. The postconviction court noted that the

"advisory was incorrect, misleading and insufficient" under *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010), and concluded that appellant proved that "his plea was not intelligent and therefore [his] motion is not frivolous."

However, the postconviction court also determined that invocation of the interests-of-justice exception would be untimely under *Sanchez*, reasoning that Zamora Morales knew or should have known—at the time of his guilty plea—that his plea was based on inaccurate immigration advice from his attorney. The postconviction court therefore found that Zamora Morales's claim arose on the date of his plea, March 21, 2011, and that he had until March 21, 2013, to invoke the exception. Zamora Morales did not file his request for relief until March 2014.

Zamora Morales argues that the postconviction court misapplied *Sanchez* and that it should have ruled on the merits of his motion for plea withdrawal under the interests-of-justice exception. He argues that he "was not aware of his claim of ineffective assistance of counsel at the time the district court imposed a sentence under a stay of adjudication. Rather, the claim occurred when [he] became aware of the deportation proceeding in 2014." Zamora Morales's argument that his claim did not accrue until he learned about his deportation proceedings is based on his subjective knowledge. Under the objective *Sanchez* test, Zamora Morales should have known that his lawyer provided incorrect advice and that his plea was unintelligent when the advice was provided at the plea hearing. Thus, the postconviction court properly applied *Sanchez* and correctly determined the date on which Zamora Morales's claim arose.

In conclusion, the postconviction court did not abuse its discretion by denying Zamora Morales's postconviction motion to withdraw his guilty plea.

**Affirmed.**