*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1935**

Doris Ruiz, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 22, 2015
Affirmed
Halbrooks, Judge**

Ramsey County District Court
File No. 62-K4-00-001524

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Schellhas, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

In this postconviction appeal, appellant argues that her petition for postconviction relief is timely because it meets the interests-of-justice exception to the statutory two-year

time limit for filing a postconviction petition and that she is entitled to withdraw her guilty plea because she received ineffective assistance of counsel. Because we conclude that the postconviction court acted within its discretion by finding that her petition is time-barred, we affirm.

## FACTS

On March 31, 2000, appellant Doris Ruiz was arrested for stealing merchandise from a store in Maplewood. On May 9, 2000, the state charged Ruiz with aiding and abetting felony theft, in violation of Minn. Stat. §§ 609.05, .52, subds. 2(1), 3(3)(a) (1998). The complaint listed the wrong address for Ruiz. The notice of summons, informing Ruiz that she had been charged and was required to appear in court, was sent to the address listed in the complaint and was returned with the notation "unable to forward no such address." When Ruiz did not appear for her first appearance, the district court issued a warrant.

Five years later, Ruiz was arrested on the warrant. Multiple hearings were scheduled in September and October 2005, but Ruiz failed to appear for any of them because she was out of the state on business and she had instructed her attorney to request a continuance. After several rescheduled hearings, a hearing was set for October 19, 2005. At the October 19 hearing, Ruiz and her attorney did not appear, and the prosecutor advised the district court that Ruiz's attorney had informed him that Ruiz was in Florida. Ruiz asserts that she was in Minnesota on October 19 but that her attorney did not inform her that she had a hearing on that date. Because she failed to appear, the district court issued a warrant.

In February 2006, Ruiz was arrested on that warrant. Ruiz pleaded guilty to gross misdemeanor theft and was sentenced on March 14, 2006. Her signed petition to plead guilty states:

> I have been told by my attorney and I understand:
>
> . . . .
>
>> That if I am not a citizen of the United States, my plea of guilty to this crime may result in deportation, exclusion from admission to the United States or denial of naturalization as a United States citizen.
>
> . . . .
>
>> My attorney has told me and I understand that if my plea of guilty is accepted by the judge I have the right to appeal . . . .

Immigration proceedings were initiated against Ruiz in 2013, and she received notice that she would be removed on December 16, 2013. Ruiz subsequently filed a pro se petition for postconviction relief arguing that (1) she received ineffective assistance of counsel; (2) her guilty plea was not voluntary, knowing, or intelligent; and (3) the state violated her due-process rights by failing to provide notice of charges, summons, and scheduled hearings. Ruiz obtained representation through the state public defender's office, submitted a motion to supplement her pro se postconviction petition, and submitted a memorandum in support of her pro se petition. The postconviction court summarily denied her petition, finding that the petition was time-barred. This appeal follows.

**D E C I S I O N**

Ruiz argues that the postconviction court erred by summarily denying her petition as time-barred. A postconviction court may deny a petition for postconviction relief without a hearing if the petition and record conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). A postconviction petition must be filed within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1) (2014). An exception to the two-year time-bar exists when "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5) (2014).

A petition invoking the interests-of-justice exception "must be filed within two years of the date the claim arises." *Id.*, subd. (4)(c) (2014). A petitioner has a claim on "the date of an event that establishes a right to relief in the interests of justice." *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011), *review denied* (Minn. Aug. 7, 2012). Courts apply an objective standard to the determination of when an interests-of-justice claim arises. *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013). A claim thus "arises when the petitioner knew or should have known that [s]he had a claim." *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012).

We review a summary denial of a postconviction petition "for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (citations and quotation omitted). The date a claim arises is a question of fact, which we review for clear error. *Sanchez*, 816 N.W.2d at 560.

4

Ruiz was convicted on March 14, 2006. She petitioned for postconviction relief on November 7, 2013. It is undisputed that her petition was filed outside the two-year statutory time frame, but Ruiz argues that her petition is timely because it falls within the interests-of-justice exception. Ruiz asserts three grounds for her interests-of-justice claim: (1) she was deported in December 2013; (2) the district court failed to inform her of her right to appeal at sentencing and she did not know that she had a right to appeal until January 2013; and (3) she did not know the extent of her trial counsel's mishandling of the case until 2013 when her postconviction counsel informed her of the inadequacies.

**Immigration Consequences**

Ruiz argues that her interests-of-justice claim arose on the date the conviction "affected her ability to live in this country," which was when the immigration court issued its removal order on December 16, 2013. The postconviction court ruled that the removal order "did not cause the petition to be filed late" and that Ruiz "subjectively changed her mind about raising a claim that accrued on March 14, 2006."

Ruiz asserts that she did not know that deportation was a possible consequence of her conviction at any time before 2013. But this argument is unavailing under *Sanchez*, which establishes an objective determination of when Ruiz should have known that she had an immigration-consequences claim. *See id.* at 558 (rejecting a "subjective, actual knowledge standard"). Ruiz's claim that she lacked actual knowledge of the consequences of pleading guilty is not a factor under *Sanchez*'s objective test.

In addition, the record demonstrates that Ruiz had actual knowledge that pleading guilty could affect her immigration status because her signed plea petition states that her

attorney explained and she understood: "That if I am not a citizen of the United States, my plea of guilty to this crime may result in deportation, exclusion from admission to the United States or denial of naturalization as a United States citizen."

Therefore, we conclude that the postconviction court did not clearly err by finding that Ruiz knew or should have known on March 14, 2006, that her conviction could result in deportation, and therefore her claim arose on that date.

**Right to Appeal**

Ruiz contends that the district court did not inform her of her right to appeal in 2006 when she pleaded guilty, and as a result, she did not know of her interests-of-justice claim until January 2013. At sentencing, the district court "must tell the defendant of the right to appeal both the conviction and sentence." Minn. R. Crim. P. 27.03, subd. 5. While the record indicates that the district court did not inform Ruiz of her right to appeal during her plea hearing, her signed plea petition states, "My attorney has told me and I understand that if my plea of guilty is accepted by the judge I have a right to appeal." Therefore, Ruiz's argument that she was not informed of her right to appeal is unavailing. Furthermore, applying the objective standard required by *Sanchez*, Ruiz knew or should have known that she had a right to appeal her conviction on March 14, 2006, and her interests-of-justice claim arose on that date.

**Ineffective Assistance of Counsel**

The focus of Ruiz's ineffective-assistance-of-counsel claim is that she missed court appearances because her attorney failed to inform her of the dates. Ruiz argues that she was not aware of the extent of her trial counsel's errors until her postconviction

counsel informed her of her trial counsel's ineffective representation once earlier transcripts were ordered for district court proceedings that occurred when she was not present. Therefore, she argues that her interests-of-justice claim was concealed from her until 2013. But "the interests-of-justice referred to in subdivision 4(b)(5) relate to the *reason* the petition was filed after the 2-year time limit in subdivision 4(a), not the *substantive claims* in the petition." *Sanchez*, 816 N.W.2d at 557 (emphasis in original).

> When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice . . . is not the type of injustice contemplated by the interests-of-justice exception in subdivision 4(b)(5).

*Id.*

Here, the ineffective-assistance-of-trial-counsel claim is one of Ruiz's *substantive* claims in her postconviction petition; it is not the *reason* she missed the two-year time limit under subdivision 4(a). We conclude that the postconviction court did not abuse its discretion by finding that Ruiz's petition does not meet the interests-of-justice exception to the two-year filing deadline. Ruiz's postconviction petition is time-barred.

**Affirmed.**

7