*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0054**

Reginald Bruce Long, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 3, 2015
Affirmed
Smith, Judge**

Ramsey County District Court
File No. 62-KX-07-002345

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's denial of postconviction relief because the district court did not abuse its discretion by denying appellant Reginald Bruce Long's postconviction petition as untimely.

## FACTS

In April 2008, a jury found Long guilty of fourth-degree assault for intentionally spitting on a peace officer. Long filed a postconviction petition in July 2014, alleging that he was unaware of his right to appeal his conviction until speaking with an attorney in September 2012 about an unrelated offense. In his petition, Long alleged that the evidence was insufficient to support his conviction. The district court denied Long's petition, concluding that the "evidence was more than sufficient to support the jury's verdict" and that the petition was "without merit" and untimely.

## DECISION

Long argues that his petition was not untimely because the interests of justice require review of his petition and it was not frivolous, and that his conviction was not supported by sufficient evidence. We review denial of a postconviction petition for abuse of discretion. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted).

2

To be timely, a postconviction petition must be filed within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1) (2014). An exception exists when "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5) (2014). A petition invoking the interests-of-justice exception "must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. (4)(c) (2014). A claim "arises when the petitioner knew or should have known that he had a claim," an objective standard. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). A petitioner has a claim on "the date of an event that establishes a right to relief in the interests of justice." *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011), *review denied* (Minn. Aug. 7, 2012).

Applying *Sanchez*, Long's claim arose at the time of his sentencing, when he had a right to relief by appealing the conviction, not the time he became aware of his right to appeal. His petition is therefore untimely, even if it otherwise satisfies the interests-of-justice exception. Because we find that the petition is untimely, we do not reach Long's sufficiency-of-the-evidence argument.

**Affirmed.**