*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0074**

Knawon Antony Conda, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 1, 2016
Affirmed
Kalitowski, Judge***

Ramsey County District Court
File No. 62-K8-95-002062

Jaime Torre Halscott, Orlando, Florida (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Stauber, Judge; and Kalitowski, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KALITOWSKI**, Judge

Appellant Knawon Antony Conda challenges the postconviction court's denial of his petition for postconviction relief as untimely, asserting that his postconviction petition was timely under the interests-of-justice exception. We affirm.

## DECISION

"We review the denial of a petition for postconviction relief for an abuse of discretion. We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (citation and quotation omitted).

Minnesota's postconviction statute generally requires all postconviction petitions to be filed within the later of two years from "the entry of judgment of conviction or sentence" or the disposition of a direct appeal. Minn. Stat. § 590.01, subd. 4(a) (2012).

A postconviction petition may be brought after the two-year limitations period if the petitioner establishes that "the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5) (2012). But the interests-of-justice exception is subject to the limitation that any claim under section 590.01, subdivision 4(b), must be brought "within two years of the date the claim arises." *Id.*, subd. 4(c) (2012). A claim under the interests-of-justice exception arises "on the date of an event that establishes a right to relief in the interests of justice." *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011), *review denied* (Minn. Aug. 7, 2012).

2

Minnesota courts determine when an interests-of-justice claim arises using an objective "knew or should have known" standard. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). The postconviction court's determination of when an interests-of-justice claim arose is a question of fact subject to the clearly erroneous standard of review. *Id.* A finding is clearly erroneous if it is "not reasonably supported by the evidence as a whole." *Rogers v. Moore*, 603 N.W.2d 650, 656 (Minn. 1999) (quotation omitted).

Here, the record indicates that in 1995, while serving time in Georgia for an unrelated manslaughter conviction, Conda pleaded guilty to second-degree murder in Minnesota. The district court sentenced Conda to 299 months in prison, which was to be served consecutively to Conda's Georgia sentence. At the sentencing hearing, the district court explained Conda's sentence:

> Because the sentence is to be ordered served consecutively, the number of months varies from the number of months or years in prison if you were allowed to serve them both at the same time, which is not . . . happening.
> . . . .
> You will have no credit against that sentence for the time that you have already spent in custody since the time of this murder because this is a consecutive sentence. You'll begin serving this sentence upon your completion of the Georgia sentence, as I understand it, anticipated presently to be some time in the year 2007.

When Conda completed his Georgia sentence in 2007, Ramsey County mistakenly released its detainer on Conda. The mistake was not discovered until 2013, at which time Conda was arrested and brought to Minnesota to serve his sentence.

Conda argues that he did not actually know the nature of his Minnesota sentence and therefore his claim under the interests-of-justice exception should not be time-barred.

3

We disagree. When an interests-of-justice claim arises under section 590.01, subdivision 4(b), is determined using an objective standard. Here, the record supports the postconviction court's finding that Conda "knew *or should have known*" that Ramsey County's 2007 detainer release was in error. *See Sanchez*, 816 N.W.2d at 560 (emphasis added). Conda therefore had until October 2009 to file a postconviction petition under the interests-of-justice exception and failed to do so. *See* Minn. Stat. § 590.01, subd. 4(c).

Conda also argues that the district court modified his sentence in its July 2013 order, and therefore he had two years from that date to file for postconviction relief. But Conda did not raise this argument in his postconviction petition and therefore he cannot raise it for the first time here. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). Moreover, even if Conda had raised this argument below, it lacks merit. The July 2013 order is not a new or modified sentence; it merely restates the exact terms of the 1995 sentencing order, which was issued by a now-retired judge.

Finally, Conda's appellate brief includes assertions that (1) enforcing his sentence violates his right to due process; (2) the state has waived jurisdiction to enforce his sentence; (3) the state is equitably estopped from enforcing his sentence; (4) enforcing his sentence amounts to cruel and unusual punishment; and (5) enforcing his sentence constitutes double jeopardy. Our review of the record indicates that some of these arguments were not presented to the district court and none were decided by the district court. We therefore decline to address them here. *See id.*

Because the postconviction court's finding that Conda knew or should have known of the error in 2007 is not clearly erroneous, the postconviction court did not abuse its discretion when it found Conda's petition untimely.

**Affirmed.**